**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| DUANE J. SANCHEZ | 3:10-cv-00184-ECR-VPC |
| Plaintiff, | **Order** |
| vs. | |
| HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware Corporation; GMAC MORTGAGE; FIRST AMERICAN TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, INC., a Delaware Corporation [MERS]; JP MORGAN CHASE BANK, NA; STEWART TITLE OF NEVADA, a Nevada corporation; EXECUTIVE TRUSTEE SERVICES, LLC; HOME EQUITY MORTGAGE; LANE BIGLIERI, individually; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, | |
| Defendants. | |

Plaintiff is a homeowner who alleges that he is the victim of a predatory lending scheme perpetrated by Defendants. Now pending are a Motion to Dismiss (#39) filed by Defendants Executive Trustee Services, LLC ("ETS") and GMAC Mortgage ("GMAC"); a Motion to Dismiss (#42) filed by Defendant JP Morgan Chase Bank, NA ("JP Morgan"); and Plaintiff's Motion for Leave to File Amended Complaint (#48).

# I. Background

On or about January 26, 2006, Plaintiff Duane J. Sanchez purchased the property located at 300 Sunset Springs Lane, Sparks, Nevada 89406 with a loan from Homecomings Financial Network, Inc. ("Homecomings"). (Compl. ¶ 29 (#1 Ex. A).) Plaintiff executed a Note secured by a Deed of Trust recorded against the property. (Id. ¶ 46.) On or about January 2, 2007, Plaintiff executed a second loan from Defendant JP Morgan also secured by a second Deed of Trust. (Id. ¶¶ 29, 46.) On July 31, 2009, Defendant ETS recorded a Notice of Default and Election to Sell under what appears to be the first Deed of Trust. (Id. ¶¶ 29, 58.)

On March 15, 2010, Plaintiff filed a Complaint (#1 Ex. A) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe alleging the following thirteen claims for relief: (1) Violation of Unfair Lending Practices, N.R.S. 598D.100; (2) Conspiracy to Commit Fraud and Conversion; (3) Permanent Injunction; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6) Fraud Through Omission; (7) Quiet Title Action; (8) Contractual Breach of the Duty of Good Faith and Fair Dealing; (9) Tortuous [sic] Breach of the Implied Duty of Good Faith and Fair Dealing; (10) Civil Conspiracy; (11) Racketeering (NRS 207.470); (12) Unjust Enrichment; and (13) Fraud in the Inducement. In connection with the Complaint, Plaintiff recorded a lis pendens on the property. (See Notice Lis Pendens (#1 Ex. C).)

On May 12, 2010, all of Plaintiff's claims related to the formation and/or operation of the MERS system were transferred to the MERS Multidistrict Litigation Court (the "MDL court"). On March

2

21, 2011, the MDL Court issued an order (#37) clarifying that the claim 1 and the parts of claims 3, 4, and 10-12 unrelated to the formation and/or operation of MERS were remanded to this Court. All other claims remain with the MDL Court.

On March 29, 2011, Defendants ETS and GMAC filed a Motion to Dismiss (#39). Plaintiff responded (#43) on April 14, 2011. Defendants ETS and GMAC replied (#44) on April 21, 2011.

On April 8, 2011, Defendant JP Morgan file a Motion to Dismiss (#42). Plaintiffs responded (#43) on April 14, 2011. Plaintiffs subsequently filed a Notice of Non-Opposition (#46) to Defendant JP Morgan's Motion to Dismiss (#42) on April 28, 2011. Defendant JP Morgan replied (#47) on May 3, 2011.

Plaintiffs filed a Motion for Leave to File 1st Amended Complaint (#48) on May 8, 2011. Defendants ETS and GMAC responded (#49) on May 12, 2011, and Plaintiff replied (#51) on June 3, 2011.

## II. Plaintiff's Motion for Leave to File an Amended Complaint (#48)

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). However, if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

1048, 1051-52 (9th Cir. 2003). The futility analysis determines whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6). Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

**B. Discussion**

Plaintiff's proposed amended complaint (#50 Ex. 1) alleges the following nine causes of action: (1) Debt Collection Violations; (2) Violation of Unfair and Deceptive Trade Practice Act; (3) Violation of Unfair Lending Practices, N.R.S. 598D.100; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS 107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; (8) Slander of Title; and (9) Abuse of Process.

At the outset, the Court notes that many of the claims in the proposed amended complaint are already presented in the original complaint. For this reason, amendment is not necessary to include Plaintiff's third through seventh proposed causes of action. Accordingly, the Court denies leave to amend to add those claims. The Court now addresses the first, second, eighth, and ninth claims in the proposed amended complaint in turn.

1. Debt Collection Violations

Granting Plaintiff leave to plead an additional claim for unauthorized debt collection would prove futile. Liability under Chapter 649 of the Nevada Revised Statutes ("NRS") is premised on liability under the federal Fair Debt Collection Practices Act ("FDCPA"). Nev. Rev. Stat. § 649.370. At the threshold of such a claim, Plaintiff must establish that Defendants are debt collectors

4

within the meaning of the FDCPA. However, the FDCPA's definition of "debt collector" does not "include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Croce v. Trinity Mortg. Assur. Corp., No. 2:08-CV-01612, 2009 WL 3172110, at *2 (D. Nev. Sept. 28, 2009) (citing S. Rep. No. 950382, at 3 (1977)). Furthermore, foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. Fitzgerald v. Clarion Mortg. Capital, No. 3:10-cv-766, 2011 WL 2633502, at *5 (D. Nev. July 5, 2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-cv-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). For these reasons, the FDCPA and the corresponding Nevada debt collection statutes do not apply to Defendants. Plaintiff will therefore be denied the opportunity to include a futile claim for unauthorized debt collection.

### 2. Violation of Unfair and Deceptive Trade Practices Act

Plaintiff's proposed second claim for relief pursuant to NRS § 598.0923 also fails. Under the statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation, he or she knowingly conducts the business or occupation without all required state, county, or city licenses. However, the statutes explicitly state that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or

5

personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, Plaintiff will be denied leave to amend due to futility.

### 3. Slander of Title

As his eighth claim for relief in the proposed amended complaint, Plaintiff alleges that Defendants slandered Plaintiff's title by recording the Notice of Default. To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998). However, Plaintiff has failed to state a claim because it is undisputed that Plaintiff is in default. See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011 WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default."); Ramos v. Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale). In filing the Notice of Default, Defendant ETS stated that Plaintiff was in breach of the loan agreement due to nonpayment. (Deed Trust (#39 Ex. D).)[1] Again, Plaintiff does not dispute that he is in fact in default. Because the statement is not

---

[1] The Court takes judicial notice of the public records produced by Defendants pursuant to Federal Rule of Evidence 201.

6

false, Defendants cannot be liable and Plaintiffs have failed to state a claim for slander of title. Leave to amend to include a slander of title claim will therefore be denied as futile.

4. Abuse of Process

Amendment to include Plaintiff's proposed additional claim for abuse of process would prove futile because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort because it does not involve judicial action. Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted). Accordingly, the Court finds that amendment to add a claim for abuse of process would be futile.

Plaintiff's Motion (#48) must therefore be denied in its entirety. Amendment is not necessary to include a number of Plaintiff's claims because they appear in the original complaint. Amendment to allow the other proposed claims would prove futile for the reasons stated above. Having resolved Plaintiff's Motion for Leave to File 1st Amended Complaint (#48), the Court now turns to Defendants' Motions to Dismiss (##39, 42) the original complaint.

7

### III. Defendants' Motions to Dismiss (##39, 42)

**A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

8

Review on a motion pursuant to Rule 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Federal Rule of Evidence 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

Defendant JP Morgan filed a Motion to Dismiss (#42) on April 8, 2011.  Plaintiff filed a Notice of Non-Opposition (#46) on April 28, 2011.  Accordingly, all claims that remain within this Court's jurisdiction against Defendant JP Morgan are hereby dismissed.  The Court also notes, however, that Plaintiff has failed to state a claim against Defendant JP Morgan.

The Court now turns to Defendants ETC and GMAC's Motion to Dismiss (#39) and again notes that Plaintiff's second, fifth, sixth, seventh, eighth, ninth, and thirteenth claims for relief have been transferred to the MDL court.  The Court now addresses the claims that remain within our jurisdiction, and only those parts unrelated to the formation and/or operation of MERS, per the MDL Court's order (#37).

1. Violation of Unfair Lending Practices, N.R.S. 598D.100

Plaintiff's first cause of action for violation of Nevada's Unfair Lending Practices Act is time-barred.  The statute of limitations for "[a]n action upon a liability created by a statute" is three years.  NEV. REV. STAT. § 11.190(3)(a).  Plaintiff obtained the loans at issue in January 2006 and January 2007 and filed the complaint (#1 Ex. A) in March 2010.  (Compl. ¶ 46 (#1 Ex. A).) Plaintiffs' claim for unfair lending practices is therefore untimely and must be dismissed.

10

### 2. Civil Conspiracy

Plaintiff asserts a cause of action for civil conspiracy as his tenth claim for relief. Plaintiff alleges that Defendants entered into a conspiracy to eject Nevadans from their homes. (Compl. ¶ 105 (#1 Ex. A).) Plaintiff asserts in his response (#43) that he has abandoned the claim for civil conspiracy. (Pl.'s Opp'n Mot. Dismiss at 3 (#43).) In accord with Plaintiff's affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiff's claim for civil conspiracy.

In any event, the Court notes that Plaintiff has failed to state a claim for civil conspiracy upon which relief can be granted. To state a claim for civil conspiracy under Nevada law, a plaintiff must allege (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." Lalatag v. Money First Fin. Servs., Inc., No. 2:09-cv-02268, 2010 WL 2925875, at *2 (D. Nev. July 20, 2010) (citing GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev. 2001)). Furthermore, a claim for civil conspiracy must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." Arroyo v. Wheat, 591 F. Supp. 141, 144 (D. Nev. 1984). Here, Plaintiff fails to plead either element of a civil conspiracy claim, let alone with particularity as to each Defendants' alleged participation. Plaintiff's claim must be dismissed.

### 3. Racketeering (NRS 207.470)

Like the claim for civil conspiracy, Plaintiff asserts in his opposition that he has abandoned his eleventh cause of action for racketeering. (Pl.'s Opp'n Mot. Dismiss at 3 (#43).) In accord

11

with Plaintiff's affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiff's claim for racketeering.  In any event, the Court finds that Plaintiff's Complaint (#1 Ex. A) fails to state a claim for racketeering because a plaintiff must plead such a claim with specificity.  Eastwood v. Lehman Bros. Bank, FSB, No. 3:09-cv-00656, 2010 WL 2696479, at *2 (D. Nev. July 2, 2010) (citing Asphalt Prods. Corp. v. All Star Ready Mix, 898 P.2d 699, 700 (Nev. 1995). "That is, the complaint must allege at least two predicate crimes related to racketeering in order to sufficiently plead a racketeering claim upon which relief can be granted."  Eastwood, 2010 WL 2696479, at *2 (citing Asphalt Prods, 898 P.2d at 700). Here, Plaintiff merely alleges that "Defendants engaged in racketeering . . . via the predatory and abusive lending practices described herein, and the repeated failure to disclose such - both relative to Plaintiff and others."  (Compl. ¶ 109 (#1 Ex. A).) Plaintiff's single conclusory allegation falls far short of what is required to state a claim for racketeering pursuant to Nevada law and is therefore dismissed.

    4. Unjust Enrichment

    In his twelfth claim for relief, Plaintiff asserts that Defendants "have been unjustly enriched by receiving payments on the risky, volatile mortgage loan which was designed to reap inordinate profits for Defendants and to ultimately fail."  (Compl. ¶ 114 (#1 Ex. A).)  However, Plaintiff has also affirmatively abandoned his claim for unjust enrichment.  (Pl.'s Opp'n Mot. Dismiss at 3 (#43).) In accord with Plaintiff's affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiff's claim for unjust enrichment.

In any event, Plaintiff's claim fails anyway because under Nevada law, there can be no action for unjust enrichment where there is an express, written contract. Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997); see also Lipshie v. Tracy Inv. Co., 566 P.2d 819, 824 (Nev. 1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles."). Plaintiff bases his claim for unjust enrichment on "the terms of the Note and Deed of Trust executed by Plaintiffs" and "mortgage loan documents." (Compl. ¶¶ 112-13 (#1 Ex. A).) In other words, Plaintiff bases his claim for unjust enrichment on express, written contracts. Plaintiff's claim therefore fails as a matter of law.

5. Permanent Injunction and Declaratory Relief

Plaintiff asserts claims for a permanent injunction and declaratory relief as his third and fourth claims for relief, respectively. However, injunctive and declaratory relief are remedies, not independent causes of action. In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Both of these claims are derivative of Plaintiff's other substantive claims, which all fail. Accordingly, Plaintiff's third and fourth claims for relief must also be dismissed.

**V. Conclusion**

The Court has analyzed each of Plaintiff's claims that remain in our jurisdiction and found that they all must be dismissed. Furthermore, because the Court also denies Plaintiff's Motion for Leave to File 1st Amended Complaint (#48) for reasons of futility,

13

Plaintiff will not be granted leave to amend, and Plaintiff's claims are dismissed with prejudice.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Leave to File 1st Amended Complaint (#48) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants ETS and GMAC's Motion to Dismiss (#39) and Defendant JP Morgan's Motion to Dismiss (#42) are **GRANTED**. All of Plaintiff's claims remaining within our jurisdiction are **DISMISSED** with prejudice.

DATED: October 27, 2011.

_____
UNITED STATES DISTRICT JUDGE

14